By the Court.—Monell, Ch. J.
The liability of the city of New York in this action, depends solely upon the liability of the county prior to the passage of the consolidation act (chapter 304, of Laws of 1874), and the question is, Had the supervisors of the county authority to make the purchase %
By statute, the jails of counties generally are put into the custody of the sheriffs (1 R. S. 380, § 75), and especially the jail in the city of New York, used for the confinement of persons committed on civil process' only, is confided to the sheriff of that county (Ibid.). And by another statute, the building used as such jail is designated as the jail of the city and county of New York, for the confinement of such persons (2 R. S. 446, § 12). It is made the duty of the supervisors of counties, other than New York, to cause court-houses and jails, poor-houses, clerks’ and surrogates’ offices, and other public buildings of their respective counties, to be erected (Laws of 1849, ch. 194), yet there is no provision or express authority to do more than to cause *167 the erection of such buildings, except in respect to court-houses, where provision' is made for furnishing fuel, lights, &c. (Code, § 28).
There is no express provision, that I am aware of, from which the supervisors of a county can derive an authority to do more, in respect to a county jail or other county buildings, with the exception referred to, than to cause their erection. Their authority, therefore, to furnish and maintain such buildings must be derived, if found at all, from the incidental powers given to them.
Among the general powers given to boards of supervisors (1 R. S. 364, § 1), is (sub. 4) to make such •orders for the disposition, regulation or use of the corporate property of the county, as may be deemed conducive to the interests of its inhabitants; and while confining such powers to such as are enumerated, they are given all such other and further powers “ as shall be necessary to the exercise of those so enumerated ” (Id. § 2). And further (Id. 367, § 4, sub. 1), to make such orders concerning the corporate property of the county, as they may deem expedient.
The supervisors of the county of New York— whether consisting of the mayor, recorder and aider-men, or of a separate body, is immaterial—have vested in them all the powers and duties which attach to the office by the laws of the state (1 R. S. 368, § 17).
The statutes referred to, confer, it appears to me, all requisite authority, as included in and incidental to the general power, to supply all public buildings with all things required for their comfortable and convenient use.
Thus desks and chairs in a court room—not enumerated in the statute (Code, § 28)—doors, locks, and fuel, in a jail; the necessary furniture for a county poor-house and the like, come within the powers necessary to the exercise of those which are enumerated.
*168 A like power, is, I think, incidental to the supervisors, who have power to make such orders concerning the property of the county, as they may deem expedient.
It is not suggested in this case that the articles furnished to the county jail, were purchased at an unreasonable price. The defense on the part of the city, is upon the ground, chiefly, that the debt incurred was not a county charge, which included the objection that the articles were not necessary, and, therefore, that the supervisors were not bound to furnish them.
If I have shown, as I think I have, that the purchase was within the general powers of the supervisors, or within powers incidental to such general powers, I think I need not occupy much time in disposing of the other question. To claim that beds and bedsteads and bedding are not suitable and proper, if not, indeed, necessary, for persons confined in a debtors' jail, who have committed no crime, and especially of witnesses detained to give testimony, is inconsistent with the humanitarianism of the present time, if not a return to the rigor of the old law, when a poor defendant was dealt with more as a criminal than as an unfortunate debtor.
I think the judgment should be affirmed.
Sedgwick, J., concurred.